John H. Doebr, J.
This is a motion by defendants to vacate an order of attachment and service on the grounds that no res exists relative to same.
Plaintiff, a New York resident, was injured on February 20, 1971, at Boston, Massachusetts, when she was struck by a vehicle owned by the defendant, Norman E. Tucker, and being operated by the defendant, Amos W. Tucker. Both defendants were residents of the District of Columbia at the time of said accident and the defendant, Amos W. Tucker, is now deceased with no executor or administrator appointed for his estate.
The defendants were insured by the Nationwide Mutual Insurance Company (Nationwide), and that company has been approved by the State of New York Insurance Department with authorization to do business in this State. .
On January 26, 1973, plaintiff secured an order of attachment in the Supreme Court, Erie County, attaching the Nationwide policy, and on February 10, 1973, the defendant, Norman E. Tucker, was personally served with a summons and complaint in Washington, D. C.
Nationwide argues that the order of attachment and service thereunder should be vacated and set aside because of the following policy provision:1 ‘ The Company shall have no obligation to indemnify, pay to or on behalf of, or defend any person entitled to protection under this policy where such obligations or this policy provide the sole basis of jurisdiction of the court over said persons, such obligations, or this policy.”
This court cannot agree with the position taken by the defendant Nationwide.
Attachment and service in the manner now under attack was sustained by the Court of Appeals where New York residents were injured in an automobile accident in Vermont through the negligence of a Quebec citizen. Although the policy reservation here presented was absent in that case, it was held, “ Thus, as soon as the accident occurred there was imposed on Hartford a contractual obligation which should be considered a 1 debt ’ *74 within the meaning of CPLR 5201 and 6202. In fact, the policy casts on the insurer several obligations which accrue as soon as the insurer gets notice of an accident, and whether of not a suit is ever brought. ” (Seider v. Roth, 17 N Y 2d 111, 113; emphasis added.)
Nationwide takes the position that by the language limitation in a policy it prepared and issued, the New York courts are powerless to order a policy attachment and service as herein effected. As set forth above, suit commencement is not the test.
The plaintiff has no contractual relationship with Nationwide, and the rights, duties and obligations under the policy here are between Nationwide and the defendants. It is not for this court to decide those matters in this proceeding. Nationwide has issued a liability policy covering the defendants in the face amount thereof from a claim as now being asserted. However, that company is telling the defendants in effect that if the policy is attached and they are served thereunder, there is no insurance coverage whatsoever. It is interesting to note from the answering affidavit of plaintiff’s attorney that Nationwide has been negotiating with him toward settlement of plaintiff’s claim. “ The historical limitations on both in personam and in rem jurisdiction, with their rigid tests, are giving way to a more realistic and reasonable evaluation of the respective rights of plaintiffs, defendants and the State in terms of fairness * * * Such an evaluation requires a practical appraisal of the situation of the various parties rather than an emphasis upon somewhat magical and medieval concepts of presence and power * * * Moreover, where the plaintiff is a resident of the forum state and the insurer is present in and regulated by it, the State has a substantial and continuing relation with the controversy. For jurisdictional purposes, in assessing fairness under the due process clause and in determining the public policy of New York, such factors loom large.” (Simpson v. Loehmann, 21 N Y 2d 305, 311.)
The administrative act of the Superintendent of Insurance, in approving the form of an insurance contract, cannot be presumed to defeat the public policy of the State of New York, or overcome the law as settled by the courts of New York. Only a legislative act, subject then to the test of constitutionality, can accomplish this. “ This court has on a number of occasions given effect to the strong State interest in facilitating recovery of persons injured in automobile accidents. The fact that the injury occurs outside of this State does not, of course, lessen that interest. ’ ’ (Simpson v. Loehmann, supra, p. 313 [concurring opn.].)
*75 I find that the contractual rights of the defendants under the Nationwide policy of liability insurance constitute a debt which is subject to attachment, and consequently, the motion of defendants is in all respects denied.